Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.

---

HERNÁNDEZ, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Mayagüez.

No. 133.—Decided March 11, 1913.

ATTACHMENT—PERSONAL DEBTS OF SPOUSES—GANANCIAL PROPERTY.—Ganancial property cannot be attached for the personal debts of either of the spouses contracted prior to the marriage.

ID.—GANANCIAL PROPERTY—INHERITED DEBTS.—The ganancial property cannot be attached for the inherited debts of one of the spouses unless the requirements of section 1325 of the Civil Code are complied with.

The facts are stated in the opinion.
The appellant appeared *pro se*.
The registrar did not appear.
MR. JUSTICE WOLF delivered the opinion of the court.
Agustín Hernández Mena obtained in the Municipal Court

of Mayagüez a judgment against Emilio, Manuel, Francisco and Agripina Clotilde Arán Cuascú as heirs of Inocencia Cuascú y Montaz. The said judgment creditor obtained an execution against the lands of two of said heirs, namely, Emilio Arán y Cuascú and Francisco Arán y Cuascú. On attempting to record the execution in the registry of property the registrar refused to make such record in a note the 'substantial part of which is as follows:

"The annotation of the attachment to which this document relates is refused with respect to ⅞ parts of the *finca,* because they are recorded in the name of Doña Alejandrina Blanco y Ramírez, who obtained them by purchase, being then married to Don Emilio Arán y Cuascú, who is one of the defendants: and although the acquisition should be understood as made on behalf of the conjugal society because it was effected by an onerous title during the marriage without any indication from the registry that it was bought with the separate money of the wife, yet the annotation cannot be extended because the debt whose recovery is sought is the private one of Don Emilio and the other heirs of Doña Inocencia Cuascú, it not being permissible either to make an annotation upon a half or any other part of the said ownership, inasmuch as in the legal society it cannot be determined whether or not there exists ganancial property nor if such exist, what would belong to each spouse until by the dissolution of the marriage the liquidation of the estate is effected; it being indispensable, if the annotation sought with respect to the ⅞ parts were to be executed, if nothing more, that the court at least should have expressly authorized the attachment of such matrimonial property after the measures determined by the third paragraph of section 1325 of the Civil Code should have been performed to its satisfaction; and the annotation is refused with respect to the remaining ⅛ part of the property attached, because although such part is recorded in the name of Don Francisco Arán y Cuascú, who is another of the defendants, the said Don Francisco acquired the property by purchase while married to Doña Magdalena Zuzuárregui, and therefore it should be considered as made on behalf of the conjugal partnership, and the debt which is sought to be recovered of Don Francisco equally with that of Don Emilio is purely private of the two named and of the other heirs of Doña Inocencia Cuascú."

Section 1325 of the Civil Code is as follows:

"The payment of debts contracted by the husband or by the wife, before marriage, shall not be borne by the partnership.

"Neither shall it bear the payment of fines or of pecuniary condemnations which may be imposed on either of them.

"However, the payment of debts contracted by the husband or by the wife, prior to the marriage, and that of fines and condemnations imposed on either of them, may be claimed against the partnership property, after covering the expenses mentioned in section 1323, if the debtor spouse should have no private capital, or were it insufficient; but at the time of the liquidation of the partnership the payments made for the specified causes shall be charged to said spouse."

We do not quite agree with the registrar when he says that it cannot be determined whether there is ganancial property until there is a dissolution, as such a principle would leave a creditor of a married person without redress and be against the principle announced in the case of *Manuel Truyol Borges* v. *The Registrar*, 18 P. R. R., 901, and the cases there cited. A creditor has a remedy.

However, we do agree with the registrar that the property of the conjugal society cannot be made subject to the private debts of one of the spouses arising independently and outside of the matrimonial relation until either the marriage is dissolved by death or otherwise, or until by a proper proceeding in court such property is segregated or made subject to the individual debt as indicated and required by section 1325 of the Civil Code. Such a segregation or subjection cannot be ordered until, as determined in section 1325, it has been shown that the individual spouse has no private property available, and also that the claims against the ganancial property do not exhaust the same.

In the case before us the two debts mentioned arose out of the estate (*caudal*) of Inocencia Cuascú. The heirs probably took without benefit of inventory, but whether this is so or not the interest of any one of such heirs in an existing

conjugal society cannot be attached or an annotation obtained without a showing that there is no private property of such person and otherwise complying with section 1325.

The note must be affirmed.

*Affirmed.*

Chief justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.